

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA MICKENS, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 3-06CV-0065 M |
| vs. | § § | JURY TRIAL DEMANDED |
| GARLAND INDEPENDENT SCHOOL DISTRICT, | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Victoria Mickens, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiff") brings this action against Defendant Garland Independent School District (hereinafter, "GISD" or "Defendant") and would show as follows:

### I.
### OVERVIEW

1.  This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  The putative class members consist of current and former bus drivers, (hereinafter, "Putative Class Member") who were not paid all of their wages or overtime pay for all hours worked in excess of 40 each week in accordance with the FLSA. Specifically, Defendant required the Putative Class Members to routinely work "off the clock." Moreover, Defendant implemented and used an impermissible "compensation" scheme intended to keep employees from receiving all of their wages and overtime pay in accordance with the FLSA.

3. Accordingly, Plaintiff Victoria Mickens brings this action on behalf of herself and all other similarly situated current and former employees of Defendant to remedy Defendant's unlawful conduct and to recover unpaid wages and overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
## PARTIES

4. Plaintiff Victoria Mickens is an individual who resides in Garland Texas. Mickens has been employed as a bus driver by Defendant within the meaning of the FLSA during the relevant three-year period. Mickens was unlawfully subjected to Defendant's unlawful compensation scheme and did not properly receive all her wages, overtime compensation or benefits for all of the hours she worked, including the hours worked in excess of 40 hours per week. Mickens' consent to this action is attached hereto as Exhibit A.

5. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as "all current and former GISD bus drivers who were required to work more than 40 hours a week." The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant, or its related and affiliated entities.

6. Defendant Garland Independent School District is a Texas public school district. During the relevant time period GISD acting through its affiliates and subsidiaries, created, ratified and implemented Defendants unlawful payment scheme. Thus, GISD has acted directly or indirectly as an employer with respect to the named Plaintiff and all those similarly situated within the meaning of the FLSA. GISD can be

served with process by serving its superintendent, Dr. Curtis Culwell, at the GISD Administration Building located at 501 South Jupiter Road, Garland, Texas 75042.

### III.
### JURISDICTION

7.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331. Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b). Additionally, this Court has personal jurisdiction over Defendant, since Defendant maintains and has maintained sufficient contacts with the State of Texas.

### IV.
### VENUE

8.  Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### V.
### COVERAGE UNDER THE FLSA

9.  At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees as required by 29 U.S.C. §§ 206-207.

## VI.
## FACTS

12. Defendant operates schools, administrative offices, bus barns and warehouses throughout Garland, Texas. At all times relevant to this action, Plaintiff and all those similarly situated were employed by Defendant as hourly bus drivers. During the relevant time period, the Putative Class Members were subjected to Defendant's unlawful compensation scheme and were not paid overtime for all hours worked in excess of 40 hours a week.

13. Further, upon information and belief, GISD failed to properly compensate all of its hourly employees for all hours worked each week. Plaintiff contends that GISD regularly required all of its employees, including, but not limited to all hourly and non-exempt salaried bus drivers to illegally work "off the clock." Specifically, Plaintiff and all those similarly situated were not properly paid overtime for extra curricular activities, field trips, athletic events, pre-trip inspections, training time, post-trip cleanup time or monitoring time. Plaintiff contends that Defendants pattern of FLSA violations is widespread and ongoing.

14. Plaintiff is aware of other current and former employees who are similarly situated and were not properly paid for all of the hours they worked. Accordingly, Plaintiff and all those similarly situated contend that Defendant owes its hourly and non-exempt salaried employees unpaid wages, benefits and overtime compensation under 29 U.S.C. §207(a)(1).

## VII.
## FLSA Violations

15.     During the relevant period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise within the meaning of the FLSA without compensating such employees for their employment in accordance with 29 U.S.C. §206(a).

16.     Defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated all of their wages or overtime compensation. The decision by Defendant to not pay Plaintiff and all those similarly situated all of their wages and overtime compensation was neither reasonable nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to their unpaid wages and overtime compensation under the FLSA, plus liquidated damages, attorney's fees and costs.

## VIII.
## Collective Action Allegations

17.     Other employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from her discussions with these employees, Plaintiff is aware that the illegal practice or policies of Defendant has been imposed on the Putative Class Members.

18.     The Putative Class Members are all hourly employees who regularly worked in excess of 40 hours per week. Accordingly, the employees who were

victimized by Defendant's unlawful compensation practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

19. Defendant's failure to pay wages and overtime compensation at the rate required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experience is typical of the experiences of the Putative Class Members.

20. The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly the class of similarly situated plaintiffs is properly defined as:

> ""all current and former GISD bus drivers who were required to work more than 40 hours a week."

## IX.
### EQUITABLE TOLLING

21. In this case, as early as 2002, GISD was aware of the fact that bus drivers were regularly working more than 40 hours per week without additional compensation. Notwithstanding this awareness, GISD has continued to utilize an impermissible compensation system to this day.

22. The doctrine of equitable tolling allows a Court to suspend the statute of limitations where, under the circumstances of the case, it would be inequitable to enforce the statute of limitations. This doctrine clearly applies to cases brought under the FLSA

because the doctrine of equitable tolling, "is read into every federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Thus, it is within this Court's discretion to apply the doctrine of equitable tolling to cases brought under the FLSA. As such, because GISD has been aware of its overtime problems since 2002, and because GISD never notified its employees of the fact that they may be owed considerable amounts of unpaid overtime compensation, this Court should equitably toll the statute of limitations.

## X.
### RELIEF SOUGHT

23.    WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

    d.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FIBICH HAMPTON & LEEBRON, L.L.P**

By: _____
Michael A. Josephson
State Bar No. 24014780
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
www.fibichhampton.com

ATTORNEY IN CHARGE FOR PLAINTIFFS

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages. I have been given an opportunity to request and review a copy of the employment services agreement and agree to be bound by its terms.

FULL LEGAL NAME:

*Victoria Yvonne Mickens*

STREET ADDRESS:

*1802 Highbrook CT*

CITY/STATE/ZIP CODE:

*Garland, Texas 75044*

TELEPHONE NUMBER:

*214-227-4084 or 214-476-1009*

SIGNATURE/DATE:

*Victoria Mickens   12-28-05*

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT TO:

Michael A. Josephson
FIBICH, HAMPTON & LEEBRON, L.L.P.
1401 McKinney, Suite 1800
Houston, Texas 77010
1-888-751-7050



PLAINTIFF'S EXHIBIT A

JS 44 (Rev 3/99)

ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VICTORIA MICKENS, individually and on behalf of all similarly situated

## DEFENDANTS
GARLAND INDEPENDENT SCHOOL DISTRICT

(b) County of Residence of First Listed: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Josephson
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Houston, TX 77010

RECEIVED
JAN 11 [2006]
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Attorneys (If Known)
3-06 CV - 0065 M

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | X 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF FAIR LABOR STANDARDS ACT 29 U S.C. §201 et seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 1/10/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY